**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JEANNINE OROZCO,** on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____ |
| v. | ) Hon. |
| **FERRARA CANDY COMPANY,** an Illinois corporation, | ) **CLASS ACTION COMPLAINT** |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Jeannine Orozco ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this Collective Action against Defendant Ferrara Candy Company ("Defendant"), to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters.

**JURISDICTION AND VENUE**

1.  This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

2.  Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3.  Defendant's annual sales exceed $500,000.00 and it has more than two employees,

so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District.

5. Defendant's principal place of business is located in Chicago, Illinois and, pursuant to L.R. 3.2, this action is properly assigned to the Eastern Division.

## PARTIES

6. Plaintiff is an adult resident of Illinois and was employed by Defendant from approximately June 2000 through March 2024. Plaintiff's consent to joint form is attached as ***Exhibit A***.

7. Additional putative Collective members were or are employed by Defendant in different states as hourly employees during the past three years and their consent forms will also be filed in this case.

8. Defendant was founded in 1908 and became a world leader in the manufacture and marketing of candy.

9. Defendant is an Illinois corporation, headquartered in Chicago, Illinois and registered to do business in Illinois.

10. According to Defendant's website, Defendant has operations in 27 locations in North America, Brazil, China, and Thailand that includes manufacturing, distribution, sales, and R&D facilities. Defendant has three locations in Illinois.

11. Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.237.

12. Defendant's registered agent for purposes of service is: The Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703-4261.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant from approximately June 2000 through March 2024 as a non-exempt, hourly employee.

14. Plaintiff worked at Defendant's location at 1445 Norwood Ave, Itasca, Illinois 60143.

15. Plaintiff's most recent base hourly rate of pay was $32.42.

16. In addition to the base rate of pay, Defendant incorporated various types of routine and non-discretionary pay into its payment structure. For example, Defendant promised its hourly employees shift differential pay, performance bonuses, and other forms of remuneration.

17. Throughout Plaintiff's employment with Defendant, on occasions she earned a shift differential or a performance bonus.

18. As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

### The Regular Rate of Pay

19. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

20. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular

hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

21. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo*., 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

22. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

23. Plaintiff's "total remuneration" included not only her base hourly pay, but also any shift differentials and bonuses. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

24. Defendant's shift differentials, performance bonuses, and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

25. However, Defendant failed to incorporate any shift differentials, performance bonuses, and other non-discretionary remuneration, into its hourly employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

26. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

27. Plaintiff and those similarly situated regularly worked in excess of 40 hours a week, and were paid some overtime for those hours, but at a rate that did not include Defendant's shift differentials and bonuses as required by the FLSA.

28. For example, Plaintiff's pay stub for the pay period beginning February 12, 2024 through February 18, 2024 shows 61.75 hours of work, a base hourly rate of $32.42, and gross earnings of $2,265.00, inclusive of shift differential pay. However, her $48.63 overtime rate did not account for the extra payments and, therefore, violated the FLSA.

29. Upon information and belief, Defendant's paystubs for other similarly situated hourly employees who worked in different locations will show similar violations of the FLSA regular rate calculation. Upon information and belief, Defendant maintained a centralized payroll system which calculated the regular rate in the same manner at each of their manufacturing locations.

30. Circuit Courts have expressly held that shift differential pay cannot be excluded from the regular rate calculation. *Featsent v. City of Youngstown*, 70 F.3d 900, 904 (6th Cir. 1995);

5

*see also O'Brien v. Town of Agawam,* 350 F.3d 279, 295 (1st Cir. 2003) ("The case law is unequivocal that shift-differential pay must be included in an employee's FLSA 'regular rate.'").

31. Likewise, the U.S. Supreme Court held that shift differential pay cannot be mislabeled as an overtime premium. *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 466 (1948) ("a mere higher rate paid as a job differential or as a shift differential, or for Sunday or holiday work, is not an overtime premium.").

32. Moreover, to the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc*., 308 F. 3d 580, 590-92 (6th Cir. 2002).

33. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at 3 (1985).

34. As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorneys' fees and costs, interest, and any other relief deemed appropriate by the Court.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

35. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former hourly employees who worked at any of Defendant's manufacturing locations in the United States at any time in the past three years.

36. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the shift differential pay, performance bonuses, and other non-discretionary remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

37. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner regardless of job title or work location.

38. Resolution of this action requires inquiry into common facts.

39. These similarly situated individuals are known to Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

40. Notice to similarly situated employees is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including email and text message, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

41. Upon information and belief, there are thousands of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

42. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

43. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

44. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

45. Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.237.

46. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's shift differentials, performance bonuses, and other non-discretionary remuneration do not fall into any of those exceptions.

47. Defendant failed to include shift differentials, performance bonuses, and other non-discretionary remuneration into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

48. At all relevant times, Defendant maintained a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

49. As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff and all others similarly situated are entitled to back pay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

51. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorneys' fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide Plaintiff a list of all current and former hourly employees who worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order designating Plaintiff as representative of the FLSA Collective; and undersigned counsel as Class counsel for the same;

c. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

  f.  An award of pre-judgment and post-judgment interest;

  g.  An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

  h.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: July 29, 2024     Respectfully submitted,

            */s/Kevin J. Stoops*
            Kevin J. Stoops (P64371)
            Kathryn E. Milz (IL ARDC 6297213)
            **SOMMERS SCHWARTZ, P.C.**
            One Towne Square, 17th Floor
            Southfield, Michigan 48076
            (248) 355-0300
            kstoops@sommerspc.com
            kmilz@sommerspc.com

            Jesse L. Young (P72614)
            **SOMMERS SCHWARTZ, P.C.**
            141 E. Michigan Avenue, Suite 600
            Kalamazoo, Michigan 49007
            (269) 250-7500
            jyoung@sommerspc.com

            Jonathan Melmed
            Meghan Higday (300183)
            Melmed Law Group, P.C.
            1801 Century Park E., Suite 850
            Los Angeles, California 90067
            Phone: (310) 824-3828
            Email: mh@melmedlaw.com
            Email: jm@melmedlaw.com

            *Attorneys for Plaintiff and the Proposed Collective*